UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. _____

DANIEL DONALDSON and ANDREA DONALDSON,

    Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW PLAINTIFFS, Daniel Donaldson and Andrea Donaldson (herein after referred to as "Plaintiffs" or the "Donaldsons"), by and through their attorney, Andrew D. Spadoni, Dugas & Circelli, PLLC, 4800 Bryant Irvin Court, Fort Worth, Texas 76107 and Complains against the above-named Defendant as follows:

### PARTIES

1. Plaintiffs, Daniel Donaldson and Andrea Donaldson, are individuals that reside at 6765 Shannon Trl, Highlands Ranch, Colorado 80130. At the time of the formation of the contract in question, Plaintiffs resided in Douglas County, Colorado.

2. Defendant, Safeco Insurance Company of America (herein after referred to as "Defendant"), is a foreign corporation, with an active license in the State of Colorado and may be served by serving its registered agent, Corporation Service Company, at 1900 W Littleton Blvd., Littleton, Colorado 80120-2023. Service by private process server is requested at this time.

## JURISDICTION AND VENUE

3. This court has personal jurisdiction over Defendant, because at all times material hereto it acted as an insurance company doing business in the State of Colorado, and Plaintiffs' causes of action arise out of Defendant's in-state business activities.

4. This court has original jurisdiction of the claims in this lawsuit under Title 28 U.S.C. §1332 because the claims arise between Plaintiffs who are citizens of Colorado, and Defendant, a citizen of New Hampshire, and the amount in controversy exceeds $75,000.

5. Venue is proper in this district because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACT ALLEGATIONS

6. The Donaldsons are the owners of insurance policy number OY7530516, issued by Defendant (hereinafter referred to as the "Policy").

7. The Policy's effective date was from May 13, 2023 through May 13, 2024 (herein referred to as the "Policy Period").

8. The Donaldsons owned the insured property, which is specifically located at 6765 Shannon Trl, Highlands Ranch, Colorado 80130 (hereinafter referred to as the "Property"), during the Policy Period.

9. Defendant or its agent sold the Policy, insuring the Property, to the Donaldsons.

10. The Policy covers, among other things, accidental direct physical loss to the Property caused by a windstorm, hail, and rain.

11. During the Policy Period a wind, hail and rainstorm struck the Property, causing severe damages to the Property (herein referred to as the Storm).

12. A tornado was produced by the Storm and resulted in severely high winds that reached at least 105 miles per hour.

13. The damaging tornado passed less than 400 feet from the Property resulting in flying debris slamming into and hitting the home, lifting of roof tiles off the roof and causing numerous other roof tiles to become dislodged and displaced.

14. The tornadic winds also resulted in a large tree in the front yard of the home at the Property breaking off near the base and falling onto the roof.

15. The tree also hit the siding, windows, gutters, downspouts, trim on the exterior of the home.

16. The tornado, wind, and tree damage to the Property also damaged the structure of the house by causing movement that resulted in separation of windows from the house, cracking and splitting of wooden beams and members in the attic of the house, and drywall and ceiling cracks throughout the interior of the house.

17. The Donaldsons timely submitted a claim to Defendant against the Policy for damage that the Property sustained from the Storm (herein after referred to as the "Claim"). Pursuant to all available policy coverages, the Donaldsons asked Defendant to cover the reasonable and necessary costs to repair and replace the Property damage related to the Storm.

18. Defendant assigned claim number 053917526 to the Claim.

19. Defendant then conducted an initial review and virtual tools for evaluation of the property.

20. Shortly after its cursory review of the property Defendant issued payment for merely $5,367.53 based on the actual cash value of the Claim.

21. The Donaldsons disputed that this was the full payment on the Claim and also disputed that the scope of damages created by Defendant was accurate and included all damage.

22. Over a year later, Defendant retained Donan Engineering to investigate the Claim, Defendant's engineer from Donan Engineering visited the Property on or about October 21, 2024.

23. During the inspection Donan Engineering found evidence of damages from the Storm to wooden structures in the attic, damages to windows, damages to drywall and ceiling throughout the house, damages to the roof tiles, and more.

24. Just four days later Donan Engineering issued its report attributing much more additional damage that was clearly and obviously damage to the Property caused by the Storm and tornadic winds.

25. Defendant issued an second estimate for these additional damages to the Property caused by the Storm during the Policy Period.

26. Defendant offered no explanation as to why the additional items were not included in Defendant's initial estimate was not covered when the initial inspection of the Property had occurred over a year before despite the Donaldsons insisting much of the same damages were damaged by the Storm.

27. Despite Defendant's new admissions to coverage of damage from the Strom over a year after its initial estimate was produced, Defendant still failed to properly record and provide the Donaldsons payment for additional large amount of Storm damage to the Property.

28. Defendant and Donan Engineering instead cherry-picked the covered damage at the Property in an effort to limit Defendant's liability on the Claim. Similarly, Defendant failed to include necessary material in its damages estimate to properly repair the items Defendant itself admits is covered under the Policy due to Storm damage.

29. For example, Defendant admits tiles on the roof must be replaced and included some tiles in its estimate for damages. But Defendant then fails to include necessary materials in its estimate that must also be replaced alongside the tiles such as the damaged OSB board beneath the tiles.

30. Further, Defendant admits to a large and damaging wind event at the Property and even determined that numerous tiles were damages as a result of the wind from the Storm.

31. Despite this Defendant relied on the capricious claim by Donan that all of the other damaged tiles on the roof were not from the storm and were simply the result of "thermal expansion" without any additional explanation as to why the covered event was able to be excluded as a cause of the tile damage.

32. Defendant instead made the arbitrary decision to accept the Donan Engineering report without question despite the lack of explanation.

33. Based on information and belief, Defendant commonly hires Donan Engineering because of its knowledge that Donan Engineering tends to issue opinions in favor of insurance carriers over property owners due to their business relations with one another.

34. Further, based on information and belief, Defendant sought to take advantage of the Donaldsons based on their lack of construction knowledge and thereby limit its liability even further by omitting the cost of reasonable and necessary material that must also be replaced along with the Storm damaged tiles.

35. As a result, Defendant failed to perform a full and reasonable investigation, disregarded material information, and undervalued the Donaldsons' Claim.

36. Moreover, Defendant and its adjusters and agents handled the Donaldsons' Claim in an

out-come oriented manner to limit Defendant's liability which resulted in a biased, unfair, and inequitable evaluation of the Donaldsons' Claim.

37. To date, Defendant has not paid the Donaldsons the full value of the Claim under the Policy with Defendant. As a result, the Donaldsons have incurred additional damages and the increased costs of repair that were, and still are to this day, a natural, probable, and foreseeable consequence of Defendant's failure to pay the amount owed on the Claim. For example, the costs of repair have increased substantially since Defendant's denial of the Claim and refusal to pay the full value of the Claim.

38. For example, Defendants final estimate dated November 8, 2024, Defendant misrepresented the amount of damages caused by the Storm by issuing an estimate of damages for an amount far less than the true costs to repair the Property to its condition prior to the Storm. As a result, the Donaldsons have not received the full damages amount for items Defendant itself admits is covered under the Policy and cannot make the reasonable and necessary repairs to the Property.

39. Despite Defendant's arbitrary and capricious decisions throughout the Claim process and failure to properly handle the Donaldsons' Claim, the Donaldsons complied with all requirements under the Policy to properly notify Defendant of the loss to their covered Property and by providing Defendant any reasonably requested documents.

40. However, to the extent the Donaldsons have been prevented from complying with the portion of the Policy regarding repairing, rebuilding, or replacing damaged property within 180 days of actual cash value payment in order to receive the additional replacement cost value amount, Plaintiff has been prevented from complying due to Defendant's failure to

pay the full amount of the Claim.

41. Defendant failed to properly inspect the Property, adjust the Claim, and Defendant denied, at least a portion of, the Claim without an adequate investigation, despite the fact that the Policy provided coverage for losses such as those sustained by the Donaldsons as a result of the Storm.

42. Such false representations allowed Defendant to financially gain by wrongfully denying, at least in part, the Claim.

43. Defendant failed to perform its contractual duty to adequately compensate the Donaldsons under the terms of the Policy. Specifically, Defendant failed and/or refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid for damages sustained by the Property, and despite all conditions precedent to recovery upon the Policy having been carried out and/or accomplished by the Donaldsons.

44. Defendant misrepresented to the Donaldsons that large portions of the damage to the Property are not covered under the terms of the Policy, even though the damage caused by the Storm constituted a covered occurrence based upon the Policy language. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct also constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

45. Defendant failed to make an attempt to settle the Claim in a fair manner, although Defendant was aware of its liability and obligations to the Donaldsons under the Policy. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct further constitutes a

statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

46. Defendant also failed to explain to the Donaldsons the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer the Donaldsons adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle the Claim. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct also constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

47. Further, Defendant failed to affirm or deny coverage of the Claim within a reasonable time. Specifically, the Donaldsons did not and still have not received timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant still to this day has not stated if the most recent estimate is in fact its final determination of the Claim or if it claims to have paid the full and necessary and reasonable amount for all covered damages caused by the Storm. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct further constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

48. Defendant refused to fully compensate the Donaldsons under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of the Claims, which resulted in a biased,

unfair, and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct also constitutes a statutory delay and/or denial of the Claim under §10-3-1115 and §10-3-1116.

49. Defendant failed to meet its obligations under the Colorado Insurance Code regarding timely acknowledging the Claim, beginning an investigation of the Claim, and requesting all information reasonably necessary to investigate the Claim within a reasonable amount of time. Defendant failed to properly request the documents offered by Plaintiff and unreasonably disregarding evidence of the Donaldsons' Claim. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claim Practices Act, C.R.S. §10-3-1104(h). Moreover, Defendant's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

50. Defendant failed to meet its obligations under the Colorado Insurance Code regarding payment of claims without delay. Specifically, Defendant delayed full payment of the Claim for a period longer than allowed and by refusing to take into account all available information. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct further constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

51. At the time the Claim was presented to Defendant, the liability of Defendant to pay the full value of the in accordance with the terms of the Policy was reasonably clear. However, Defendant refused to pay the Donaldsons, in full, despite the absence of any basis whatsoever upon which a reasonable insurance company would have relied to deny the full

payment. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct also constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3- 1116.

52. Due to Defendant's wrongful acts and/or omissions, the Donaldsons were forced to retain the professional services of the attorney and law firm who is representing the Donaldsons with respect to these causes of action.  Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h).

## CLAIM ONE
## BREACH OF CONTRACT

53. Paragraphs 6 through 52 of this pleading are incorporated herein by reference, the same as if fully set forth verbatim.

54. As set forth above, the Donaldsons and Defendant entered into an insurance policy covering accidental direct physical damage to the Property caused by hail, wind, and rain.

55. The Donaldsons paid valuable consideration for the Policy and performed all obligations thereunder.

56. A wind, hail and rainstorm struck and significantly damaged the Property during the Policy Period.

57. Subsequently, Defendant failed to perform its contractual duty to the Donaldsons under the Policy by failing to pay the reasonable and necessary costs to return the Donaldsons' Property back to its pre-loss condition pursuant to the terms of the Policy.

58. Defendant also breached its obligations and responsibilities to timely and/or promptly handle and/or pay the Claim.

59. As a result of Defendant's breach, the Donaldsons have been damaged, and hereby seek all

available relief, including but not limited to its actual damages and consequential damages from Defendant, in an amount within the jurisdictional limits of this Court, to be proved at the time of trial.

## CLAIM TWO
## VIOLATION OF C.R.S. 10-3-1115(1)(A) AND C.R.S. 10-3-1116(1)

60. Paragraphs 6 through 59 of this pleading are incorporated herein by reference, the same as if fully set forth verbatim.

61. As set forth herein, Defendant's acts and/or omissions constituted an unreasonable delay and/or denial of payment of the Claims. Defendant delayed and/or denied full payment of the Claim without a reasonable basis for such action.

62. Defendant received notice of the claim in or around June 2023, but has failed to fully investigate the damages and promptly pay this Claim without unreasonable delay. It is clear from the Defendant's actions, including its agents' insufficient time at the Property, failure to discuss the damages with the Donaldsons, failure to properly consider additional evidence of damages submitted by the Donaldsons, failure to conduct proper reinspection, that Defendant conducted a substandard investigation.

63. Defendant found obvious evidence of hail and wind damage at the Property and even wrote an estimate for damages to the Property that included removing and replacing portions of the damages tiles. However, Defendant dismissed the Donaldsons additional damages and attempted to limit its liability on the Claim by making unreasonable conclusions that other damages identified to the tile roof and the house was not caused by the Storm. Defendant's adjusters also failed to properly evaluate the reasonable and necessary costs to repair the damages Defendant admits is covered under the Policy by substantially undervaluing the

costs of materials and labor. Defendant additionally failed to properly include in its estimate necessary materials that are required to properly repair and replace the damaged property Defendant admits its damaged, such as by not including the reasonable and necessary costs for the underlying roof materials that must be replaced when replacing the roof including structural wooden members in the attic. Defendant provides no reasonable explanation as to why the damages the Donaldsons claim are not owed under the Policy and instead arbitrarily claimed "there are no additional damages to provide coverage for."

64. As a result of Defendant's acts and/or omissions, the Donaldsons have been damaged, and hereby seek all available relief, including but not limited to its damages, in an amount within the jurisdictional limits of this Court, to be proved at the time of trial. Additionally, pursuant to C.R.S. §10-3-1116(1), the Donaldsons are entitled to reasonable attorneys' fees, costs, and two times the covered benefit.

## CLAIM THREE
## BAD FAITH BREACH OF INSURANCE CONTRACT

65. Paragraphs 6 through 64 of this pleading are incorporated herein by reference, the same as if fully set forth verbatim.

66. As a provider of insurance services to the public, Defendant at all times had a duty to act in good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

67. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insured's. Pursuant to its implied duty of good faith and fair dealing, Defendant owed the Donaldsons

an obligation to treat the Donaldsons' interests with equal consideration to their own interests.

68. Defendant breached its duty of good faith and fair dealing owed to the Donaldsons by:

   a. Failing to give equal consideration to the interest of the Donaldsons, its insured, or evidence submitted by the Donaldsons for Defendant's consideration;

   b. When investigating the Donaldsons' Claim, failing to diligently search for evidence that supported the Donaldsons' Claim;

   c. Seeking to discover only evidence that defeated the Donaldsons' Claim and/or limited Defendant's liability on the Donaldsons' Claim and arbitrarily ignoring evidence that supports the Donaldsons' claim for additional damages owed under the Policy for damage to the Property caused by the Storm;

   d. Unreasonably delaying and/or withholding benefits under the Policy without a reasonable basis for delaying and/or withholding benefits despite receiving additional information making its liability reasonably clear, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;

   e. Refusing to pay the Claim without conducting a reasonable investigation based upon all available information as shown in detail in the "Fact Allegations" of this pleading;

   f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability became reasonably clear especially when Defendant received documents supporting the Donaldsons position that the damages in their

      submitted estimate were owed;

  g.    Compelling the Donaldsons to institute litigation to recover amounts due under the insurance policy; and

  h.    Any further acts which may be discovered.

69. Defendant's aforementioned conduct was unreasonable, and Defendant knew such conduct either was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

70. As a result of Defendant's breach, the Donaldsons have been damaged, and hereby seek all available relief, including but not limited to their damages for Defendant's bad faith breach of contract, in an amount within the jurisdictional limits of this Court, to be proved at the time of trial.

## **DAMAGES**

71. Paragraphs 6 through 80 of this pleading are incorporated herein by reference, the same as if fully set forth verbatim.

72. As a direct and proximate result of Defendant's breach of the Policy, the Donaldsons have incurred and seek to recover all of their compensatory damages in an amount to be proved at the time of trial.

73. As a direct and proximate result of Defendant's violation of C.R.S. §10-3-1115 and C.R.S. §10-3-1116, the Donaldsons incurred and are seeking damages in the amount of two times the covered benefit, attorneys' fees, and costs.

74. As a direct and proximate result of Defendant's bad faith breach of its duty of good faith and fair dealing owed to the Donaldsons, the Donaldsons have incurred and seek to recover

all of their compensatory damages for economic and non-economic losses, as well as punitive damages, in an amount to be proved and/or awarded at the time of trial.

## JURY DEMAND

75. Plaintiffs hereby demand trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in favor of Plaintiffs and against Defendant as follows:

a. Actual damages and Consequential damages in an amount to be proven by Plaintiffs;

b. Statutory damages;

c. Punitive damages;

d. Costs of Court;

e. Expert witness fees;

f. Attorneys' fees;

g. Statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law; and

h. such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/Andrew D. Spadoni*
Preston J. Dugas III,
Texas State Bar No. 24050189
pdugas@dcclawfirm.com
Andrew D. Spadoni
Colorado State Bar No. 61422

**DUGAS & CIRCELLI, PLLC**
8400 Bryant Irvin Ct.
Fort Worth, Texas 76107
Telephone:     (817) 817-7000
Facsimile:     (682) 219-0761

**ATTORNEY FOR PLAINTIFFS**